UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mohamed Yasir Mohamed Samoon<br>(A 208 238 895),<br><br>    Plaintiff,<br><br>    v.<br><br>Kenneth Madsen, Director, Chicago<br>Asylum Office, U.S. Citizenship &<br>Immigration Services; and Ur Jaddou,<br>Director, U.S. Citizenship &<br>Immigration Services,<br><br>    Defendants. | Case No. 23-cv-1933 |

## PETITION FOR WRIT OF MANDAMUS

Plaintiff, Mohamed Yasir Mohamed Samoon, by and through his own and proper person and through her attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petitions this Honorable Court for a Writ of Mandamus directing U.S. Citizenship & Immigration Services (hereinafter "USCIS") to adjudicate her application for asylum and process any and all background checks pursuant to the same, and in support thereof, states as follows:

### Introduction

1. This is a civil action brought by Plaintiff Mohamed Yasir Mohamed Samoon to compel the Defendants to act on his application for asylum filed with U.S. Citizenship and Immigration Services over seven and a half years ago.

### Jurisdiction And Venue

2. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) in conjunction with 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act

1

(APA) (5 U.S.C. § 555(b)), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 U.S.C. § 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) states, "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555(b). Plaintiff Mohamed Yasir Mohamed Samoon contends that the delay in processing his application for asylum is unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the asylum application process. In fact, the Immigration and Nationality Act provides a specific timeframe for adjudication: "…in the absence of exceptional circumstances, final administrative adjudication of the asylum application … shall be completed within 180 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(iii). The Code of Federal Regulations mandates, "The Service *shall* adjudicate the claim of each asylum applicant whose application is complete … and within the jurisdiction of the Service." 8

2

      C.F.R. § 208.9(a) (emphasis added). The Code additionally mandates that the asylum officer shall conduct an interview and consider evidence submitted by the application both with the application and at the interview. 8 C.F.R. § 208.9(b), (e). The Code further mandates that an application may be granted, but if it is not, "the asylum office *shall* deny, refer or dismiss the application…" and shall follow certain instructions in notifying the applicant of that decision. 8 C.F.R. §208.14(c) (emphasis added).

7. The language of the statute and these regulations is mandatory, not discretionary, and requires the Defendants to adjudicate asylum applications within 180 days, or alternatively, within a reasonable time. USCIS has a mandatory duty to adjudicate applications and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002). Further, because USCIS and has a duty to adjudicate the application, Plaintiff Mohamed Yasir Mohamed Samoon has a correlative right to have her application adjudicated.

8. Venue of this action is proper under 28 U.S.C. § 1391(e). The Defendants maintain offices in this district and the USCIS Asylum Office in this district is adjudicating Plaintiff Mohamed Yasir Mohamed Samoon's application.

## Parties

9. Plaintiff Mohamed Yasir Mohamed Samoon is a native and citizen of Sri Lanka. On or about May 7, 2015, he filed an application for asylum, USCIS Form I-589, pursuant to section 208 of the Immigration and Nationality Act, 8 U.S.C.§ 1158.

10. Defendant, Kenneth Madsen, is sued in his official capacity only. He is the Director of the Chicago Asylum Office of USCIS.

11. Defendant Ur Jaddou, Director of U.S. Citizenship and Immigration Services, is being sued in her official capacity only. As the Director, she is charged with the duty of administration and enforcement of all the functions, powers, and duties of that agency, which is part of the Department of Homeland Security. The agency administers the Immigration and Nationality Act pursuant to 8 U.S.C.§1103 and 8 C.F.R. § 2.1.

## Factual Background

12. Plaintiff Mohamed Yasir Mohamed Samoon is a native and citizen of Sri Lanka.

13. On or about September 8, 2014, Plaintiff Mohamed Yasir Mohamed Samoon last entered the United States on a B-1 nonimmigrant visa.

14. On or about May 7, 2015, Plaintiff Mohamed Yasir Mohamed Samoon filed an application for asylum with USCIS. At the time of filing, Plaintiff Mohamed Yasir Mohamed Samoon had been in the U.S. for less than one year.

15. As directed by USCIS, Plaintiff Mohamed Yasir Mohamed Samoon soon thereafter attended a biometrics appointment. Plaintiff attended an interview on his asylum application on June 26, 2019 and was advised that a decision would be mailed. To date, no decision has been made, nearly four years after his interview.

16. Since his interview, Plaintff has not received a decision on his asylum application.

17. Plaintiff Mohamed Yasir Mohamed Samoon has inquired into the status of his asylum application, only to be told that USCIS records confirm that the case remains pending.

18. To date, USCIS has still not made a decision on the asylum application or provided any substantive information about the processing of the application or anticipated completion date.

19. Plaintiff Mohamed Yasir Mohamed Samoon has not been instructed to provide any further information or documentation to USCIS.

### Request For Relief

20. Plaintiff has complied with all of the requirements for filing an application for asylum.

21. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the application for asylum.

22. Alternatively, or in addition thereto, the Defendants have failed to perform their duty to adjudicate the application within 180 days of filing, as mandated by Congress in the Immigration & Nationality Act, and no exceptional circumstances exist that would allow deviation from the 180-day timeline.

23. The delay in adjudicating the application is not attributable to the Plaintiff.

24. The Defendants owe the Plaintiff a duty to adjudicate the asylum application and have unreasonably failed to perform that duty by not adjudicating the application in the over five and a half years it has remained pending. This duty is owed under the Immigration & Nationality Act and its implementing regulations.

25. The delay is unreasonable because USCIS has been unable to adequately respond to any of the Plaintiff's inquiries on the application.

26. By making numerous inquiries on the status of the application, Plaintiff has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate the application.

WHEREFORE, Plaintiff Mohamed Yasir Mohamed Samoon prays that this Honorable Court:

A. Assume jurisdiction herein;

B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the application for asylum (Form I-589).

c. Grant such other and further relief, as the Court deems appropriate and just.


Dated: Chicago, Illinois
      March 28, 2023

Respectfully Submitted,
Mohamed Yasir Mohamed Samoon

By: /s/ Kevin Raica
One of his attorneys

Kevin Raica, Esq.
Kriezelman Burton & Associates, LLC
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
(312) 332-2550
kraica@krilaw.com

6